## Philadelphia Board of Education Petition

*Edwin P. Rome*, for petitioner.
*Sheldon Albert*, contra.

GELFAND, *J.*, November 10, 1977—The matter before this court is a petition of the Board of Education of the School District of Philadelphia for au-

thority to fund unfunded debt in the sum of $50,000,000 brought pursuant to the provisions of the Local Government Unit Debt Act of July 12, 1972, P.L. 781, sec. 101 et seq., 53 P.S. §6780-1 et seq., as amended by the Act of November 2, 1977, P.L. 217, 53 P.S. §6780-209 (hereinafter called the act).

This court denied an earlier petition of petitioner (docketed September term, 1977, no. 3822), in which we found in our order dated October 19, 1977, that the board failed to meet the burden necessary to place it within the framework of the act, in that it failed to prove, as it was required to do by section 512 of the act as it then existed, "[1] that there has been an unforeseeable decline in revenues, or [2] that taxes levied have not produced the revenues anticipated, or [3] that it was not reasonable to foresee the unfunded obligation." In addition, this court at that time alluded to the fact that the board may have also failed to demonstrate that such debt was lawfully incurred, a further requirement of section 512.

On November 2, 1977, subsequent to the rendering of the aforementioned order, sections 509, 510 and 512 of the act were amended by the Act of November 2, 1977.

The Act of 1977 changed the definition of unfunded debt in section 509 of the Local Government Unit Debt Act, and for school districts of the first class it established different criteria which were to be met before a court of common pleas could approve a petition to fund an unfunded debt: section 512 of the Local Government Unit Debt Act.

Inasmuch as the Act of 1977 has changed the legal tests applicable to a petition to fund an un-

funded debt when submitted by a school district of the first class, the School District of Philadelphia, which is a school district of the first class, has now petitioned this court for authority to fund its alleged unfunded debt of $50,000,000.

After consideration of the herein petition, including testimony, argument and memoranda submitted by petitioner, this court has determined that:

1. The School District of Philadelphia is a local government unit governed by the Local Government Unit Debt Act, as well as a school district of the first class as defined by the Public School Code of March 10, 1949, P.L. 30, as amended by the Act of August 8, 1963, P.L. 564, sec. 1, 24 P.S. §2-202.

2. Pursuant to section 512(A)(1) of the Local Government Unit Debt Act, which was added by the Act of 1977, this court can make an order granting a school district of the first class authority to fund all or part of an unfunded debt if it finds that the following requisites, which we identify with letters for easier comprehension, are met: (A) that paying such debt by curtailing municipal or educational services will be dangerous to the public health, safety, or education; and (B) that the funding debt does not exceed applicable debt limitations; and (C) that it is not feasible for the school district of the first class to levy additional taxes in the current fiscal year.

3. Further, section 512(A)(1) of the act requires this court to examine the terms of a funding debt which it approves, so that it may find that the funding is stated to mature in such amounts and over such number of years, not exceeding ten, as will accomplish the payment of the debt without en-

dangering the rendering of municipal or educational services or requiring the levying of excessive taxes.

4. The School District of Philadelphia has an unfunded debt in the amount of $50,000,000 as defined by section 509 of the act, as amended.

5. The Board of Education of the School District has met the requisites of section 512(A)(1) in that it has proved (A) that paying such debt by curtailing municipal or educational services will be dangerous to the public health, safety, or education; and (B) that the funding debt does not exceed applicable debt limitations; and (C) that it is not feasible for the school district of the first class to levy additional taxes in the current fiscal year.

6. The Board of Education has not yet presented testimony as to the manner in which the debt will mature so as to enable this court to make the finding required by section 512(A)(1) that the funding will accomplish the payment of the debt without endangering the rendering of municipal or educational services or requiring the levying of excessive taxes.

Pertaining to the constitutionality of the Act of 1977, there may be question whether or not it violates article 3, sec. 32, of the Pennsylvania Constitution regarding local or special laws, in that it appears to establish a special law applicable to a single school district. However, we find that it meets the tests set forth in applicable cases[1] in that in good faith it makes a reasonable classification

1. Johnson v. Pennsylvania Housing Finance Agency, 453 Pa. 329, 309 A. 2d 528 (1973); Hetherington v. McHale, 10 Pa. Commonwealth Ct. 501, 311 A. 2d 162 (1973).

based on population, and consequently is not such a local or special law as would violate article 3, sec. 32, of the Constitution. In addition, article 3, sec. 20, of the Constitution and the cases thereunder,[2] provide that legislation made in good faith and reasonably classifying school districts according to population and all laws passed in relation to any such class shall be deemed general legislation. Hence, we find that the Act of 1977 does not infringe upon the constitutional precepts of article 3, sec. 32, of our Commonwealth's Constitution and that it is constitutional.

Although this court does have some concern as to the manner in which the board adopted its budget and as to the long-term wisdom evinced by the board of education in the molding of its budget; and we also have concern as to the wisdom of the General Assembly in enacting the Act of 1977, since the previous act accomplished exactly its designed purpose, that is, budgetary constraint, reaching our determination based upon such views is beyond the purview of this court, since it is not within our scope to review the policy determinations of the board or the legislature. Further we are bound in this matter to make our determination based upon the record herein and by the tests set forth in relevant statutory and constitutional law, which we so do.

## ORDER

Accordingly, it is hereby ordered and decreed as of this November 10, 1977, that the petition of the

---

2. Commonwealth ex rel. Kelley v. Cantrell, 327 Pa. 369, 193 Atl. 655 (1937).

Board of Education of the School District of Philadelphia to fund unfunded debt in the sum of $50,000,000 by an issue of bonds or notes, with such funding to be charged against the non-electoral debt limitations of the school district under section 202 of the Local Government Unit Debt Act, is granted upon the following conditions:

1. The term of such issue of bonds or notes shall not exceed ten years; and,

2. No bonds or notes shall be issued or sold pursuant to the authority herein granted until the board of education returns to this court and does present such evidence as is necessary to enable this court to find, and this court does find, that the funding debt herein conditionally approved will mature in such amounts, and over such number of years, as will accomplish the payment of the debt without endangering the rendering of municipal or educational services or requiring the levying of excessive taxes.